IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES ERIC BELL, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CASE NO. 2:11cv661-MEF |
| | ) | |
| ROGER A. POWELL, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate proceeding *pro se* and presently confined at the St. Clair Correctional Facility, filed this Complaint (Doc. #1) and an Application to Proceed *in forma pauperis* (Doc. #2) on August 16, 2011. On August 23, 2011, the District Judge referred this matter to the undersigned Magistrate Judge "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate." Order (Doc. #4). Upon review of the initial complaint, the undersigned entered an Order (Doc. #6) requiring Plaintiff to file an amended complaint. Plaintiff filed his Amended Complaint (Doc. #7) on September 13, 2011.

Upon review of the Amended Complaint, the court concludes that dismissal of Plaintiff's complaint prior to service of process is appropriate under 28 U.S.C. § 1915A.

**I.    DISCUSSION**

***A.    Screening***

Under 28 U.S.C. § 1915A, a district court must screen prisoners' civil complaints

against government officials or entities and dismiss the complaints if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. In pertinent part, § 1915A provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.-On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. The language of the statute does not distinguish between complaints filed *in forma pauperis* and those in which the requisite filing fee has been paid. The procedure required by § 1915A is by its terms a screening process, to be applied *sua sponte* and as early as possible in the litigation.  *See* 28 U.S.C. § 1915A.

### B.    *Statute of Limitations*

In this matter, Plaintiff asserts that he was denied due process and property rights by Defendant, who is the clerk of court for Covington County, Alabama.  Specifically, Plaintiff claims that in July of 2008, he received information from a "reliable source" that, as a victim of a 1996/97[1] crime, he was "owed" restitution. As a result, in August of 2008, Plaintiff

---

[1]   The Complaint and Amended Complaint both state that Plaintiff and his brother were victims of a drive-by shooting/attempted murder in "1996/97."

visited the Covington County Clerk's Office "in reference to th[is] allegation." Am. Compl.

(Doc. #7) at 2.   Apparently, during the visit, "Defendant refused litigating official

information concerning shooting case, then informed secretary to review Plaintiff case

records, and that's when Plaintiff discovered 22,000 restitution owed." *Id*.   In January of

2009, Plaintiff was taken into state custody "for child-support [ar]rears." *Id*.   In March of

2009 he made a second inquest at the Covington County Clerk's Office into the whereabouts

of his $22,000 and learned that a "400.00 odd check had been dispensed to unknown name

and address . . ." and "[a]gain Defendant denie[d] any form of litigation pertaining to

shooting case restitution." *Id*. at 3.  Further, "in order for Defendant to satisfy his own error

of judgment, [he] told Plaintiff restitution case was transferred to Crime Victim

Compensation Restitution Agency." *Id*.

If anything is clear from the face of the Amended Complaint, it is that Plaintiff's

claims are barred by the statute of limitations applicable to actions filed by an inmate under

42 U.S.C. § 1983.

> Federal courts must look to state law to determine, first, what statute of
> limitations is applicable, and second, whether that limitations period is tolled.
> *Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985).  Selection of a
> limitations period for  § 1983 actions changed several times [between 1985
> and 1989].  Alabama law, however, provides that the applicable limitations
> period is the one in effect when the claim is filed, not when the cause of action
> arose.  *Tyson v. Johns Manville Sales Corp.*, 399 So. 2d 263, 269-70 (Ala.
> 1981).  It is undisputed that § 1983 claims were subject to a two year
> limitations period at that time.  *See Jones v. Preuit & Mauldin*, 876 F.2d 1480,
> 1483-84 (11th Cir. 1989) (*Jones II*).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994).  At the time Plaintiff filed the

3

instant complaint, the applicable statute of limitations for actions brought under 42 U.S.C. § 1983 was two years. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992). In Alabama, the general statute of limitations for personal injury actions is two years. *Ala. Code* § 6-2-38(l).

Although it appears that the alleged unconstitutional actions about which Plaintiff complains in this action may have actually occurred in 1996/97, construing the pleading in a way most favorable to Plaintiff, his limitations period began to run in March of 2009–the time at which Plaintiff learned the funds had been transferred from Defendant to the Crime Victim Compensation Restitution Agency ("CVCRA"). This is the time where, apparently, Defendant's involvement with the funds at issue ends, and, according to Plaintiff, a transfer of the funds was made to cover-up an error in judgment.

Plaintiff asserts that September 2009 is the "triggering date" for statute of limitations purposes, because it was then that he "officially" learned that his rights had been violated. Federal law determines when the statute of limitations is triggered, and it begins to run "from the date the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003). Without actually finding that there are facts alleged in this case that could support a claim, Plaintiff's "official"

notification from the CVCRA did not create the triggering date.  Again, construing the complaint, as amended, in the most liberal way,[2] the court finds that the statute of limitations began to run in March of 2009, when Plaintiff learned that a "400.00 check" of supposedly his funds had been "dispensed to unknown name and address," and Defendant allegedly transferred the funds to another agency in order to "satisfy his own error of judgment."  By Plaintiff's own description, it became apparent to him in March of 2009 that he had been deprived of his property by Defendant.

Consequently, the applicable statute of limitations expired on Plaintiff's claims in March of 2011.  As noted, Plaintiff filed the instant complaint on August 16, 2011.  This filing occurred *after* the applicable periods of limitation had lapsed.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense.  The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint.  *Clark v. Georgia Pardons & Parole Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).  "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[A] dismissal is allowed." *Clark*, 915 F.2d at 640.  "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous.  *See Franklin* [*v. State of*

---

[2] Based on the facts alleged in the Amended Complaint, it would also be quite reasonable to find that the "triggering date" occurred in 1996/97, July 2008 (when Plaintiff received "reliable" information that he was owed funds), or August 2008 (when Plaintiff states that he learned that he was owed $22,000.00).

*Oregon*], 563 F. Supp. [1310] at 1330, 1332." *Id.* at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of . . . defendants the . . . court must evaluate the merit of the claim *sua sponte*." *Id*.

Based on the facts apparent from the face of the Amended Complaint, Plaintiff filed this cause of action more than two (2) years after the violations which form the basis of those claims accrued. These claims are, therefore, subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915A. *See Clark*, 915 F.2d at 640.

## II.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this action be DISMISSED with prejudice, prior to service of process, pursuant to the directives of 28 U.S.C. § 1915A. It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **October 18, 2011**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in

the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done, this 4th day of October 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

7